UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re Bobbie J. Fisher, Debtor.
_____/

Betty June Taylor,

    Appellant,

v.                                                                         Case No. 15-10386

Daniel M. McDermott, United States Trustee,          Sean F. Cox
                                                                           United States District Court Judge
    Appellee.
_____/

## OPINION & ORDER
## DENYING MOTION FOR STAY
## AND AFFIRMING BANKRUPTCY COURT'S ORDER

Appellant Betty June Taylor ("Taylor"), who is proceeding *pro se*, is a person who acted as a bankruptcy petition preparer in the Eastern District of Michigan.  In this bankruptcy appeal, Taylor appeals the bankruptcy court's January 14, 2015 Order (*See* Docket Entry 1 in this action at Pg ID 2).  That order, issued by Bankruptcy Judge Thomas Tucker, is titled "Order Permanently Enjoining Betty Taylor, Finding Her In Contempt, And Imposing Certain Other Relief."  Taylor has also filed a "Motion For Discretionary Stay Pending Appeal."  Both the appeal and the motion have been briefed by the parties.  The Court finds that oral argument would not aid the decisional process.  *See* Local Rule 7.1(f)(2), U.S. District Court, Eastern District of Michigan; *see also* FED.R.BANKR.P. 8012 (stating oral argument will not be allowed if the appeal is frivolous).  The Court therefore orders that the motion and appeal will be decided upon the briefs.

For the reasons set forth below, the Court: 1) DENIES Taylor's Motion to Stay; and 2) AFFIRMS the bankruptcy court's January 14, 2015 Order.

## BACKGROUND

**A.     Relevant Provisions Of The Bankruptcy Code and Local Administrative Orders**

Certain provisions of the Bankruptcy Reform Act of 1994 are relevant for purposes of this appeal.

11 U.S.C. § 110 "was enacted to 'address the growing problem of bankruptcy preparers who abuse the system' and 'is intended to police fraud and abuse by such preparers.' S.Rep. No. 168, 103d Cong., 1st Sess. 51 (1993). The legislative history describes § 110 as 'critically needed to confront the large scale fraudulent conduct of [bankruptcy petition preparers] who prey on the poor and unsophisticated.' 140 Cong.Rec. § 14, 597–98 (daily ed. October 7, 1994)." *In re Rausch*, 197 B.R. 109, 116 (Bkrtcy. D. Nev. 1996).

Section 110 defines a "bankruptcy petition preparer" as "a person other than an attorney or an employee of an attorney, who prepares for compensation a document for filing" in a bankruptcy case. 11 U.S.C. § 110(a). Section 110 contains several provisions that govern the conduct of a bankruptcy petition preparer. Notably, Section 110 bars a bankruptcy petition preparer ("BPP") from offering legal advice. 11 U.S.C. § 110 (e).

Section 110 provides that BPPs who violate the statute can be sanctioned and enjoined from acting as a BPP in the future. Section 110 provides that:

> (i)(1) If a bankruptcy petition preparer violates this section or commits any act that the court finds to be fraudulent, unfair, or deceptive, on the motion of the debtor, trustee, United States trustee (or the bankruptcy administrator, if any), and after notice and a hearing, the court shall order the bankruptcy petition preparer to pay to the debtor--

>   (A) the debtor's actual damages;
>
>   (B) the greater of--
>      (i) $2,000; or
>
>      (ii) twice the amount paid by the debtor to the bankruptcy petition preparer for the preparer's services; and
>
>   (C) reasonable attorneys' fees and costs in moving for damages under this subsection.

11 U.S.C. § 110(i). The court may also enjoin a person from acting as a BPP:

>   (j)(1) A debtor for whom a bankruptcy petition preparer has prepared a document for filing, the trustee, a creditor, or the United States trustee in the district in which the bankruptcy petition preparer resides, has conducted business, or the United States trustee in any other district in which the debtor resides may bring a civil action to enjoin a bankruptcy petition preparer from engaging in any conduct in violation of this section or from further acting as a bankruptcy petition preparer.
>
>      (2)(A) In an action under paragraph (1), if the court finds that--
>
>         (i) a bankruptcy petition preparer has--
>
>            (I) engaged in conduct in violation of this section or of any provision of this title;
>
>            (II) misrepresented the preparer's experience or education as a bankruptcy petition preparer; or
>
>            (III) engaged in any other fraudulent, unfair, or deceptive conduct; and
>
>         (ii) injunctive relief is appropriate to prevent the recurrence of such conduct,
>
>   the court may enjoin the bankruptcy petition preparer from engaging in such conduct.
>
>      (B) If the court finds that a bankruptcy petition preparer has continually engaged in conduct described in subclause (I), (II), or (III) of clause (i) and that an injunction prohibiting such conduct would not be sufficient to prevent such person's interference with the proper administration of this

> title, has not paid a penalty imposed under this section, or failed to disgorge all fees ordered by the court the court may enjoin the person from acting as a bankruptcy petition preparer.
>
> (3) The court, as part of its contempt power, may enjoin a bankruptcy petition preparer that has failed to comply with a previous order issued under this section. The injunction under this paragraph may be issued on the motion of the court, the trustee, or the United States trustee (or the bankruptcy administrator, if any).
>
> (4) The court shall award to a debtor, trustee, or creditor that brings a successful action under this subsection reasonable attorneys' fees and costs of the action, to be paid by the bankruptcy petition preparer.

11 U.S.C. § 110(j)(2).

There are also local rules and administrative orders that govern the conduct of BPPs. Pursuant to Bankr. E.D. Mich. Administrative Order No. 10-21, a BPP cannot charge more than $100 in any case, unless that BPP obtains the court's approval upon written motion to increase the fee allowed. That Administrative Order further provides that a BPP who violates the order shall be subject to sanctions under Section 110.

The United States Trustee is an official of the United States Department of Justice appointed by the Attorney General to supervise the administration of bankruptcy estates. 28 U.S.C. §§ 581-586. Pursuant to the Bankruptcy Code, the United States Trustee may bring an action to enjoin a BPP from further acting as a BPP. 11 U.S.C. § 110(j)(1).

**B.      Relevant Factual Background And Procedural History**

Bobbie Fisher ("Fisher") filed a petition for bankruptcy relief in the United States Bankruptcy Court for the Eastern District of Michigan. (Case No. 14-4124 in the bankruptcy court). The action was assigned to the Honorable Thomas J. Tucker. It is undisputed that Taylor assisted Fisher in preparing her bankruptcy papers. Upon learning of Taylor's involvement, the United States Trustee ("the Trustee"), who was familiar with Taylor from other cases,

4

commenced an adversary proceeding against Taylor in that action. The Trustee did so by filing an "Adversary Complaint Seeking A Permanent Injunction And Monetary Damages For Violations Of 11 U.S.C. § 110 And For Assessment Of Fines Payable To The United States Trustee." (Docket Entry No. 1 in Case No. 14-4124). The Trustee stated that, according to the debtor, Taylor had given her legal advice in the action and that Taylor charged the debtor $300 without having obtained court permission to do so.

The Trustee later moved for summary judgment. (Docket Entry No. 27 in Case No. 14-4124).

Judge Tucker granted the Trustee's motion in part, and denied it in part. (Docket Entry No. 44). Judge Tucker ruled that the evidence established that Taylor gave legal advice to the debtor (Fisher) in her bankruptcy case, and engaged in unfair conduct, in violation of § 110. (Docket Entry No. 50).

In an Order issued on September 10, 2014,[1] Judge Tucker ordered that "No later than October 1, 2014, Defendant Betty Taylor must pay to the Debtor, Bobbie J. Fisher, the sum of $2,000.00, and must file in this adversary proceeding an affidavit verifying such payment." (Docket Entry No. 44). That order also enjoined Taylor from giving legal advice or preparing motions in any bankruptcy cases, but Judge Tucker denied the Trustee's request to permanently enjoin Taylor from acting as a BPP in any other cases.

On October 2, 2014, Taylor filed an "Affidavit" (Docket Entry No. 51) stating, "I Betty Taylor certify that on October 1, 2014 I tendered payment to Debtor Bobbie Fisher in the amount of $2,000.00."

---

[1] Taylor did not appeal the September 10, 2014 order.

The Debtor provided the Trustee with a copy of the document Taylor sent her.  (*See* Ex. 3 to Docket Entry No. 53).   This document purports to be a "Bill of Exchange" and "Legal Tender For Private and Public Debts" made payable to Fisher.  (*Id*.)  This document states it is "authorized" by Taylor, but is "payable through" the "Secretary of the Treasury US Department of the Treasury" for $2,000.00.  It appears to have been created by Taylor.

Thereafter, the Trustee filed a motion asking the court to hold Taylor in contempt, fine her $800 for her contempt, and permanently enjoin her from acting as a BPP.

Taylor responded to that motion in writing (Docket Entry No. 54), asserting that she is a "a private banker and an unincorporated national banking association by definition."  Her rambling and incoherent brief ultimately claims that "there is no lawful money," and that the piece of paper she sent to Fisher is "legal tender."

Judge Tucker held a hearing on the motion.  At that hearing, Taylor asserted that she "did lawfully tender payment to Ms. Fisher."  (Hrg. Tr. at 9).  Taylor then said that because Fisher had 30 days in which to return the instrument provided to her by Taylor and that, because she had not done so, the debt has been discharged.  (*Id*. at 10).  Judge Tucker disagreed, stating that Taylor's position "makes no sense and has no legal validity at all." (*Id*.).  Judge Tucker concluded that Taylor had failed to make the payment required by his September 10, 2014 Order.  He noted that the piece of paper that Taylor had provided the debtor is "a worthless piece of paper that contains really nothing but a bunch of gibberish. And so clearly Ms. Taylor did not comply with the September 10 order's payment obligation by October 1 or even to date."  (*Id.* at 15).

On January 14, 2015, Judge Tucker issued an "Order Permanently Enjoining Betty

Taylor, Finding Her In Contempt, And Imposing Certain Other Relief," wherein he ruled upon the United States Trustee's "Motion for Contempt, for a Permanent Injunction and for Other Relief" as follows:

> This adversary proceeding is before the Court on the Plaintiff United States Trustee's motion entitled "Motion for Contempt, for a Permanent Injunction and for Other Relief" (Docket # 53, the "Motion"). The Motion was properly served on Defendant Betty Taylor and filed with the Court. The Defendant filed a response to the Motion on December 10, 2014 (Docket # 54). The Court held a hearing on January 14, 2015. For the reasons stated by the Court on the record during the hearing,
> IT IS ORDERED that the Court finds the Defendant Betty Taylor in civil contempt for her violation of the Court's September 10, 2014 order entitled "Order Granting in Part, and Denying in Part, Plaintiff's Motion for Summary Judgment" (Docket # 44).
> IT IS FURTHER ORDERED that Defendant Betty Taylor shall pay the $2,000.00 previously ordered as follows:
> (1) Payments of $100.00 per month beginning on February 3, 2015 and continuing by the third day of each month thereafter until the full amount of $2,000.00 is paid.
> (2) The payments must be made payable to Debtor Bobbie J. Fisher and must be made by money order, bank check or certified check.
> (3) The payments must be delivered to the Office United States Trustee, c/o Paul J. Randel, 211 West Fort Street, Suite 700, Detroit, MI 48226.
> IT IS FURTHER ORDERED that the United States Trustee's request for sanctions payable from Betty Taylor to the Access to Bankruptcy Court fund, in the amount of $800, is denied without prejudice, as stated by the Court during the hearing.
> IT IS FURTHER ORDERED that Defendant Betty Taylor is permanently enjoined in the Eastern District of Michigan from acting as a Bankruptcy Petition Preparer and from providing Bankruptcy Assistance to Assisted Persons, whether under her name or any other name or through any other corporate form.

(Docket Entry No. 1 at Pg ID 5-6).

Thereafter, Taylor filed this bankruptcy appeal, appealing Judge Tucker's January 14, 2015 Order. Taylor has also filed a motion asking this Court to stay that order.

## ANALYSIS

**I.     The Court Denies Taylor's Motion For Stay**

Rule 8007 of the Federal Rules of Bankruptcy Procedure provides that a motion to stay an order issued by a bankruptcy court may be made in the district court where the bankruptcy appeal is pending. In evaluating such a motion, the Court is required to consider the four factors that are considered in determining whether to grant a preliminary injunction: 1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; 2) the likelihood that the moving party will be irreparably harmed absent a stay; 3) the prospect that others will be harmed if the court grants the stay; and 4) the public interest in granting the stay. *In re: Michigan Produce Haulers, Inc.*, 2015 WL 1275387 (Bkrtcy. W.D. Mich. 2015) (citing *Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991)).

Taylor filed a "Motion For Discretionary Stay Pending Appeal" in this action. In that motion, Taylor asks this Court to stay Judge Tucker's January 14, 2015 Order during the pendency of this bankruptcy appeal, arguing that she is "likely to succeed on the merits of the appeal in that there is no lawful money." (Docket Entry No. 1 at Pg ID 7-8).

The United States Trustee's response argues that the motion should be denied because Taylor has no likelihood of success on the appeal, and that Taylor also cannot establish any of the other elements that must be shown to obtain a stay pending appeal.

This Court agrees with the Government that Taylor has no chance of success on her appeal and that a stay is not warranted. Accordingly, the Court denies Taylor's Motion for Stay.

## II. The Court Reject's Taylor's Frivolous Argument And Affirms The Bankruptcy Court's January 14, 2015 Order

In the order challenged in this appeal, Judge Tucker found Taylor in civil contempt for not having paid the monetary sanction as ordered in his prior order, permanently enjoined Taylor from acting as a BPP, and ordered Taylor to pay the $2,000.00 sanction in monthly payments.

"A bankruptcy court's imposition of a sanction typically embodies a judgment call, and, thus, review is for abuse of discretion." *In re Charbono*, __ F.3d __, 2015 WL 3653610 at *2 (1st Cir. June 15, 2015); *see also In re White-Robinson*, 777 F.3d 792, 795 (5th Cir. 2015) (A bankruptcy court's assessment of sanctions for contempt is reviewed for abuse of discretion.); *Innovation ventures, LLC v. N2G Dist'g, Inc*., 763 F.3d 524, 544 (6th Cir. 2014) (A lower court's contempt ruling is reviewed for abuse of discretion.)

A lower court abuses its discretion "when it commits a clear error of judgment, such as applying the incorrect legal standard, misapplying the correct legal standard, or relying upon clearly erroneous findings of fact." *Auletta v. Ortino (In re Ferro Corp. Derivative Litig.)*, 511 F.3d 611, 623 (6th Cir. 2008). While this standard is deferential, "it is not monolithic. For example, a material error of law constitutes an abuse of discretion" and, accordingly, "if a bankruptcy court lacks the authority to impose a particular sanction, the imposition of such a sanction will constitute an error of law and, thus, demand reversal." *In re Charbono, supra*.

In challenging Judge Tucker's January 14, 2015 Order, Taylor does not claim that the bankruptcy court lacked authority to sanction her by enjoining her from acting as a BPP in the future or by ordering her to pay Fisher $2,000. Moreover, it is clear that the bankruptcy court is authorized, by Section 110, to impose those sanctions.

In this appeal, Taylor argues that the bankruptcy court erred by concluding that Taylor

had not made the required payment to Fisher when, in fact, she had. (*See* Taylor's Br. at viii) ("Appellant is of the belief that payment to the Debtor Bobbie [Fisher] was in fact tendered.). Taylor continues to argue, in an incoherent fashion, that "there is no lawful money" in circulation, that Taylor "is a private unincorporated banker by definition," and that payment to Fisher was tendered via the document Taylor gave Fisher. Taylor argues that the "order for contempt should be reversed and [she] should be allowed to continue to assist debtors in preparing their bankruptcy petitions." (*Id.* at 12).

Judge Tucker did not abuse his discretion in concluding that Taylor failed to make the $2,000.00 payment to Fisher by October 1, 2014. As numerous other courts have found, Taylor's argument that the "bill of exchange" she created constitutes legal tender is frivolous and without legal merit:

> [T]he bill of exchange had no legal effect. Other courts have found bills of exchange purporting to be drawn against a trust account at the U.S. Treasury to be "nothing more than a string of words that sound as though they belong in a legal document, but which, in reality, are incomprehensible, signifying nothing." *McElroy v. Chase Manhattan Mortg. Corp.*, 134 Cal.App.4th 388, 393, 36 Cal.Rptr.3d 176 (Cal.App. 4 Dist.2005). *See also Bryant v. Washington Mutual Bank*, 524 F.Supp.2d 753 (W.D.Va.2007); *Hennis v. Trustmark Bank*, No. 2: 10CV20–KS–MTP, 2010 WL 1904860 (S.D.Miss. May 10, 2010) (collecting cases). Even the Treasury Department has issued an alert about fraudulent bills of exchange. *See* "Bogus Sight Drafts/Bills of Exchange Drawn on the Treasury," available online at http:// www. treasury direct. gov/ instit/ statreg/ fraud/ fraud_ bogus sightdraft. htm (noting that "bills of exchange drawn on the U.S. Treasury Department ... have been used in an attempt to pay for everything from cars to child support.... All these Bills of Exchange drawn on the U.S. Treasury are worthless.").

*In re Fachini*, 470 B.R. 638, 641 (M.D. Ga. 2012). Accordingly, "from coast to coast, claims that debts have been paid under the redemption theory" by persons issuing "bills of exchange" have been rejected as frivolous. *Hennis, supra*, at * 5.

Accordingly, the Court affirm the bankruptcy court's January 14, 2015 order.

## CONCLUSION & ORDER

For the reasons set forth above, IT IS ORDERED that: 1) Taylor's Motion for Stay is DENIED; and 2) the bankruptcy court's January 14, 2015 order is AFFIRMED.

IT IS SO ORDERED.


Dated: July 1, 2015
S/ Sean F. Cox
Sean F. Cox
U. S. District Judge


I hereby certify that on July 1, 2015, the foregoing document was served on counsel of record via electronic means and upon Betty June Taylor via First Class mail at the address below:

Betty June Taylor El
P. O. Box 760052
Lathrup Village, MI 48076

S/ J. McCoy
Case Manager